**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60894
Summary Calendar

JIAN QIN ZHENG,

Petitioner

v.

ERIC H HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 539 405

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Jian Q. Zheng, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying her requests for asylum and withholding of removal based on her contention that she was ordered by Chinese officials to undergo involuntary sterilization. We deny her petition.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review an immigration court's rulings of law de novo and its findings of fact to determine if they are supported by substantial evidence in the record *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under substantial evidence review, we will not reverse an immigration court's factual findings unless the evidence not only supports a contrary conclusion, but compels it. *Id.*

We find no reversible error in the determination that Zheng was not credible and that she is, therefore, not eligible for asylum. Zheng's claim that she went into hiding to avoid forced sterilization is inconsistent with her admission that she reported for two gynecological exams while she was in hiding. Moreover, Zheng's admission that she reported for gynecological examinations while in hiding conflicts with her husband's testimony that Zheng had not reported for the gynecological examinations and that, had she done so, she would have been taken for sterilization. The discrepancy between Zheng's stated reason for seeking asylum in her initial port of entry interview with immigration officials, and her later testimony that her asylum claim is based on a fear of sterilization, further supports the adverse credibility determination. Finally, the record supports the finding that, by reporting for the gynecological exams, Zheng would have also been reported to the authorities for sterilization.

Because Zheng did not satisfy her burden of proof on her asylum claim, she cannot prevail on her claim for withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n. 2 (5th Cir. 2004).

PETITION DENIED.